An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID VAN DUKE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60837

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant David Duke's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Duke argues that the district court erred by denying his petition because he was denied the effective assistance of counsel at trial and on appeal. To prove ineffective assistance of trial counsel, a petitioner must demonstrate (a) that counsel's performance was deficient in that it fell below an objective standard of reasonableness and (b) resulting prejudice in that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). To prove ineffective assistance of appellate counsel, a petitioner must demonstrate (a) that counsel's performance was deficient and (b) that the omitted issue would have a reasonable probability of success on appeal. Kirksey v. State, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. Strickland, 466 U.S. at 697. We give deference to the district court's factual findings

13-07682

but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Duke argues that the district court erred by denying his claim that trial counsel was ineffective for failing to investigate. Duke claims that an investigation would have revealed that the owner of the vehicle that he was driving when arrested had a long history of prior drug convictions, and because Duke was arrested in the owner's neighborhood, counsel could have argued that Duke was acting only as a transporter for the owner. Duke claims that this theory could have been supported by evidence that the owner was subsequently arrested on drug trafficking charges. The district court conducted an evidentiary hearing and concluded that Duke was not prejudiced because, even if counsel had investigated further, the investigation would not have revealed any information that would have changed the result at trial. The district court also concluded that because Duke testified at the evidentiary hearing that he was not acting as a transporter for the vehicle owner and he told counsel the same, counsel was not ineffective for failing to investigate a defense contradictory to his client's story. We conclude that the district court did not err by denying this claim.

Second, Duke argues that the district court erred by denying his claim that appellate counsel was ineffective for failing to argue that his dual convictions for transportation of a controlled substance and trafficking in a controlled substance violated double jeopardy. The district court determined that this claim lacked merit. Because neither statute expressly allows for or prohibits multiple convictions, see NRS 453.321, NRS 453.3385, and each offense, as charged, requires proof of an element that the other does not, the Double Jeopardy Clause is not implicated. See

<u>Jackson v. State</u>, 128 Nev. \_\_\_, \_\_\_, \_\_\_ P.3d \_\_\_, \_\_\_ (2012) (Adv. Op. No. 55, December 6, 2012). Therefore, appellate counsel was not deficient and the district court did not err by denying this claim.

Third, Duke argues that the district court erred by denying his petition because counsels' ineffectiveness denied him equal protection. Because trial and appellate counsel were not ineffective, we conclude this claim is without merit.

Having considered Duke's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                        Saitta


cc:    Hon. Elissa F. Cadish, District Judge
       Matthew D. Carling
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk